**WHISENANT v. CITY OF WEST PALM BEACH, FLA., et al.**

No. 13453.

United States Court of Appeals Fifth Circuit.

May 4, 1951.

O. S. Miller, West Palm Beach, Fla., for appellant.

Robert H. Anderson, William C. Steel, Miami, Fla., C. Robert Burns, West Palm Beach, Fla., for appellee.

Before HOLMES, McCORD and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

The motion to dismiss this appeal is overruled. Adkins v. E. I. du Pont de Nemours & Company, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43, 11 A.L.R.2d 599.

We think that the district court erred in granting a summary judgment against the appellant with prejudice; but that the error may be corrected and substantial justice done by modifying the summary judgment so as to provide that the same be without prejudice, and that the cost of this appeal be paid by the City of West Palm Beach, Florida, one of the appellees. It is, therefore, ordered that the judgment appealed from be modified accordingly, and that the cost of this appeal be taxed against the City of West Palm Beach, Florida.

What we have stated above applies to the appellant Herbert Whisenant with this exception: His suit to obtain a city permit or license to do work as a master plumber in the City of West Palm Beach, Florida, was not a true class action, and the motion to dismiss his suit in this respect summarily was properly sustained with prejudice, but the judgment to that effect should have been without prejudice to Whisenant's right to sue individually to establish his claim to such a permit or license by suit in any court of competent jurisdiction. Let the judgment appealed from be modified as to Whisenant to this extent and, as so modified, affirmed; the cost of appeal in this

court to be taxed against the City of West Palm Beach, Florida.

Affirmed.

RUSSELL, Circuit Judge, specially concurring.

In my opinion the propriety of the grant of the motion for summary judgment against parties other than Whisenant and upon the issues which these parties sought to present is not before the Court for determination. As to them, there was no appeal. Only Whisenant and the issues he sought to raise for himself and others are legally included in the present case. Consideration of the appeal, as thus restricted, discloses no reversible error.